IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| COTTMAN TRANSMISSION SYSTEMS, LLC : <br> 201 Gibraltar Road, Suite 150 : <br> Horsham, PA  19044 : <br>          Plaintiff, : <br> v. : <br> MICHAEL GANO : <br> Route 136, West Newton Road : <br> Greensburg, PA 15601 : <br>          and : <br> 412 AUTOMOTIVE, L.P. : <br> Route 136, West Newton Road : <br> Greensburg, PA 15601 : <br>          Defendants. : | CIVIL ACTION <br><br> No. |

## COMPLAINT

1.     Plaintiff, Cottman Transmission Systems, LLC ("Plaintiff" or "Cottman"), is a limited liability company organized and existing under the laws of Delaware and is duly registered to do business in the Commonwealth of Pennsylvania, with its principal place of business located at 201 Gibraltar Road, Suite 150, Horsham, PA  19044.  Cottman is a national franchisor of transmission repair businesses.

2.     Defendant, Michael Gano ("Defendant" or "Gano"), is an adult individual who is a citizen of the Commonwealth of Pennsylvania with a principal place of business located at Route 136, West Newton Road, Greensburg, PA 15601.

3.     Defendant 412 Automotive, L.P. ("Defendant" or "412 Auto") is a Pennsylvania entity with its principal place of business located at Route 136, West Newton Road, Greensburg, PA 15601.

4.     This Court has jurisdiction pursuant to 15 U.S.C.A. §1121(a), and also pursuant to 28 U.S.C.A. §1338(b) relating to claims of unfair competition joined with a substantial and related

claim under the trademark laws, as well as pendent and ancillary jurisdiction of the state and common law claims contained herein.

5.  Venue lies in this District pursuant to 28 U.S.C.A. §1391, in that Cottman resides in this District, Defendants have transacted business with Cottman continuously over the last several years in this District and the claims arise under a contract that was made in this District.

6.  Since at least 1963, Cottman has continually used the name "Cottman" as its trade name, trademark and service mark in connection with the operation of transmission repair centers. It is the owner of the following marks registered on the principal register of the United States Patent and Trademark office for "automobile repair services":

| TRADEMARK | PRINCIPAL REGISTER |
|---|---|
| Cottman Man (Robot Design) | 1,052,610 |
| Cottman | 817,999 |
| We Fix Transmissions One Thank You At A Time | 2,020,133 |
| Transcheck 21 Plus | 1,991,413 |
| Cottman Man | 1,012,437 |
| Transmission Physician Design | 2,023,747 |
| Transmission Physician | 2,143,169 |
| Cottman Transmission (New Design) | 2,906,318 |

7.  Cottman is engaged in interstate commerce in, inter alia, the business of franchising or licensing others to use the mark and name "Cottman" in the operation of transmission repair centers throughout the United States.

8.  The "Cottman" trade name and trademark have become universally associated with the repair of motor vehicle transmissions and the operation of transmission repair centers. As a result, Cottman owns common-law trade name and trademark rights in the name "Cottman"

and in the marks described above. By virtue of the long use and promotion and the resulting fine public reputation of the trade name "Cottman", there exists a secondary meaning in the name "Cottman" and the above marks.

9. Large sums of money have been spent in advertising and promoting the services sold under Cottman's trade name and trademarks, and today Cottman has a substantial business and a long established goodwill associated with the name and the above marks in connection with the services provided under its trade name and trademarks.

10. Cottman has a vital interest in protecting its trade name and trademarks and the preservation and protection thereof are essential to the maintenance of Cottman's quality transmission repair centers and the goodwill and reputation associated therewith. To supervise and control use of its trade name and trademarks, Cottman has established standards and policies governing the quality of service to be provided to the public and has established procedures calling for the inspection of franchisees' centers to determine that the standards and policies are being followed.

11. On December 16, 2008, Cottman and Defendant Gano entered into a license agreement, pursuant to which Defendant was authorized to use and has used the name and mark "Cottman" in connection with the operation of an automotive repair center located at Route 136, West Newton Road, Greensburg, PA 15601 (the "Center"). A true and correct copy of this license agreement (the "License Agreement") is attached hereto, marked as Exhibit "A" and incorporated herein by reference.

12. Concomitant with executing the License Agreement, Defendant Gano, individually and on behalf of Defendant 412 Auto, entered into an agreement with Plaintiff whereby the License Agreement was assigned to Defendant 412 Auto who agreed to assume and become liable for the obligations of Defendant Gano. The Transfer of License additionally provides that

notwithstanding the transfer to Defendant 412 Auto, Defendant Gano shall remain personally liable to Plaintiff under the terms of the License Agreement. See Exhibit "A".

13. There has been a Center in Greensburg operating under the Cottman trademark long before the Defendants became the franchisees for the Center location. The Center was first established under the Cottman trademark in September of 1996, and has been advertised in the Greensburg community as Cottman ever since.

14. As provided under the License Agreement, Cottman shared with Defendants its proprietary systems, information and trade secrets for opening and operating a successful automotive repair business which Cottman developed over its 50 year history.

15. In addition, Gano was provided Cottman's proprietary manuals, customer lists and software.

16. Under the License Agreement, the Defendants were required to pay a weekly license fee to Cottman calculated as a percentage of the previous week's gross business sales from the Defendants' Center.

17. Along with their weekly license fee, Defendants were required to submit to Cottman an accurate weekly business report documenting the Center's sales. Defendants' weekly business report is used to calculate the weekly franchise fee.

18. Cottman requires its franchisees, including Defendants, to use official Cottman customer repair order receipts in their transactions with customers. Each repair order form has a control number assigned from Cottman. Cottman's franchisees, including Defendants, are required to attach copies of each customer repair order receipt they issue during the preceding week to their weekly business report.

19. In the spring of 2010, Cottman conducted an audit of Defendants' Center business and discovered that Defendants were underreporting sales to Cottman in order to escape payment

of license fees due and owing to Cottman. Specifically, Defendants were issuing non-Cottman repair orders and hiding the sales from Cottman.

20. Thereafter, the parties entered into a settlement wherein Defendants agreed to sell their Center and leave the Cottman franchise system on or before September 1, 2010. A true and correct copy of the said settlement agreement is attached hereto and made a part hereof at Exhibit "B".

21. Defendants failed and refused to sell the Center by September 1, 2010 as required by the Settlement Agreement and, instead, continued to operate the Center as a Cottman Transmission Center.

22. On February 23, 2012, Cottman performed another audit of the Defendants' Center and discovered that Defendants were still underreporting sales and underpaying franchise fees to Cottman.

23. When Cottman notified Defendants that they had again been caught underreporting sales and underpaying franchise fees, Defendants ceased communicating with Cottman, ceased reporting sales all together and ceased making payments of any kind under the License Agreement.

24. In a letter dated March 20, 2012, Cottman notified Defendants that they were in material breach of the License Agreement and must pay all sums due and owing within ten (10) days. A true and correct copy of the said letter is attached hereto and made a part hereof at Exhibit "C".

25. In response, Defendants failed and refused to comply.

26. In a letter dated April 30, 2012, Cottman terminated Defendants' License Agreement for failure to pay sums due and owing. A true and correct copy of the said letter is attached hereto and made a part hereof at Exhibit "D".

27. Section 20 of the License Agreement, entitled "Effect of Termination," provides that upon termination of the License Agreement "for any reason", Defendants shall:

    a. promptly pay Cottman all amounts due and owing;

    b. immediately to discontinue the use of all Cottman names and marks, signs, structures, forms of advertising, telephone listings and service, manuals, software and all materials and products of any kind which are identified or associated with the SYSTEM or COTTMAN and to return all such materials and products to COTTMAN; and

    c. thereafter to make no representations or statements that OPERATOR is or ever was in any way approved, endorsed or licensed by COTTMAN or associated or identified with COTTMAN or the SYSTEM in any manner whatsoever or that OPERATOR is a former COTTMAN OPERATOR; provided, however, OPERATOR shall honor all customer complaints made within the applicable guarantee or warranty period arising from work performed at the Center.

*See* License Agreement, ¶ 20(a), attached hereto at Ex. "A".

28. Additionally, Section 14 of the License Agreement and Appendix C attached to the License Agreement expressly provide that Cottman owns the telephone numbers that ring at the Center and is entitled to redirect them.

29. Section 21 of the License Agreement, entitled "Covenant Not to Compete," provides in pertinent part that:

> OPERATOR acknowledges that as a participant in the SYSTEM, OPERATOR will receive confidential information and materials, trade secrets, and the unique methods, procedures and techniques developed by COTTMAN. Therefore, to protect the SYSTEM and COTTMAN and to induce COTTMAN to grant to OPERATOR the license as set forth herein, OPERATOR represents and warrants…For a period of two (2) years after the termination of this Agreement for any reason, OPERATOR shall not…within a radius of ten (10) miles of OPERATOR's former CENTER and three (3) miles of any other CENTER in operation at the time of termination or any CENTER that has commenced operation during said two (2) year period, begin or engage in any business the same as, similar to or in competition with such CENTER….

*See* License Agreement, ¶ 21, attached hereto at Ex. "A".

30. The non-compete provision further provides that:

> OPERATOR acknowledges that in view of the nature of the SYSTEM and the business of COTTMAN, the restrictions contained in this section 21 are reasonable and necessary to protect the legitimate interests of the SYSTEM and COTTMAN and that any violation of such restrictions will result in irreparable injury to the SYSTEM or COTTMAN. Therefore, OPERATOR acknowledges that, in the event of such violation, COTTMAN shall be entitled to preliminary and permanent injunctive relief and damages as well as an equitable accounting of all earnings, profits, and other benefits arising from such violation, which remedies shall be cumulative and in addition to any other rights or remedies to which COTTMAN shall be entitled, and the arbitration provisions of section 22 shall not apply to any equitable proceeding seeking enforcement of the provisions of this section 21. If OPERATOR violates any restriction contained in this section 21, and it is necessary for COTTMAN to seek equitable relief, the restrictions contained herein shall remain in effect until two (2) years after such relief is granted.

*See* License Agreement, ¶ 21(e), attached hereto at Ex. "A".

31. Despite the termination of their franchise and any further authority to continue in business under and the use of the Cottman name, Defendants have refused to take the actions required by the License Agreement to remove the Cottman name and trademark from the Center and cease all use of Cottman's systems and Cottman merchandising materials there and, instead, continue using Cottman's advertised telephone number for the Center, have continued to operate the Center under the name and style "Cottman Transmissions," to hold themselves out to be an authorized Cottman franchisee, and to use the Cottman trade name and trademark, without any license or right whatsoever. Further Defendants have failed and refused to return any of Cottman's trademarked or proprietary items in their possession.

### COUNT I
### TRADEMARK INFRINGEMENT

32. Cottman hereby incorporates by reference, as if fully set forth, paragraphs 1 through 31 above.

33. Defendants have willfully and without justification failed and refused to comply with the post-termination provisions of the License Agreement.

34. Defendants continue to hold themselves out to the public as an authorized "Cottman Transmission Center," which they are not.

35. Unless Defendants are enjoined, Cottman believes and therefore avers that they will continue their infringing use of the Cottman trade name and trademarks.

36. Unless Defendants are enjoined, their continued improper use of the Cottman trade name and trademarks will greatly impair the value of the Cottman trade name and trademarks, as well as Cottman's reputation and goodwill.

37. Defendants' continued failure and refusal to comply with their obligations has caused and continues to cause Cottman irreparable harm to its reputation and goodwill, and substantial financial losses.

38. The actions and conduct of Defendants as set forth in this Complaint constitute willful trademark infringement in violation of 15 U.S.C.A. §1125.

39. The damages that have been occasioned by the willful trademark infringement that has been engaged in by Defendants are irreparable and continuing, and Cottman has no adequate remedy at law.

40. Pursuant to 15 U.S.C.A. §1116, Cottman is entitled to injunctive relief to protect its rights under the Lanham Act.

41. Pursuant to 15 U.S.C.A. §1117, Cottman is entitled to recover Defendants' profits from the Center for the period since April 30, 2012, during which they have engaged in the above-described willful trademark infringement, plus any damages sustained by Cottman, which damages may be trebled, plus the costs of this action and attorneys' fees.

## COUNT II
## COMMON LAW UNFAIR COMPETITION

42.    Cottman hereby incorporates by reference, as if fully set forth, the allegations contained in paragraphs 1 through 41 above.

43.    Defendants' conduct is in violation of the common law of unfair competition in that they are:

    (a)    causing likelihood of confusion or of misunderstanding as to the source, sponsorship, approval or certification of goods and services in connection with his conducting of business at the former Center using Cottman's trade name and trademarks;

    (b)    causing likelihood of confusion or of misunderstanding as to the affiliation, connection or association with or certification by Cottman of their conducting of business at the former Center; and,

    (c)    representing to the public that their competing business has Cottman's approval, which it does not.

44.    These acts by Defendants have been committed willfully and with the intention of deceiving and misleading the public.

45.    Defendants' unlawful trade practices will irreparably harm and injure Cottman's trademarks, trade name, reputation and goodwill.

46.    Cottman is without an adequate remedy at law.

## COUNT III
## BREACH OF LICENSE AGREEMENT
## SPECIFIC PERFORMANCE

47.    Cottman hereby incorporates by reference, as if fully set forth, the allegations contained in paragraphs 1 through 46 above.

48. As a result of the termination of Defendants' franchise, Cottman is entitled to specific performance of Section 20 of the License Agreement, which provides that Defendants shall:

   a. promptly pay Cottman all amounts due and owing;

   b. immediately to discontinue the use of all Cottman names and marks, signs, structures, forms of advertising, telephone listings and service, manuals, software and all materials and products of any kind which are identified or associated with the SYSTEM or COTTMAN and to return all such materials and products to COTTMAN; and

   c. thereafter to make no representations or statements that OPERATOR is or ever was in any way approved, endorsed or licensed by COTTMAN or associated or identified with COTTMAN or the SYSTEM in any manner whatsoever or that OPERATOR is a former COTTMAN OPERATOR; provided, however, OPERATOR shall honor all customer complaints made within the applicable guarantee or warranty period arising from work performed at the Center.

*See* License Agreement, ¶ 20(a), attached hereto at Ex. "A".

49. As a result of the termination of Defendants' franchise, Cottman is entitled to specific performance of Section 21 of the License Agreement, which provides that, among other things, for a period of two years following termination, Defendants will not, directly or indirectly, engage in the transmission repair business within a radius of ten (10) miles of the former Center, or within a radius of three (3) miles of any other Cottman center.

50. Defendants continue to operate a transmission repair business from the former Center location and hold themselves out as "Cottman" using Cottman's trademark and telephone number in violation of the post termination covenants in the License Agreement.

51. Defendants have misappropriated the goodwill generated under the Cottman name and continue to use Cottman's proprietary methods, systems, and materials.

52. Defendants' refusal to cease operating under the Cottman name has caused and continues to cause Cottman irreparable harm to its reputation and goodwill, and substantial financial losses.

53. Defendants' refusal to honor their non-compete obligation owed to Cottman by continuing to operate an automotive repair business from the former Center location interferes with Cottman's ability to develop the market, retain goodwill and re-establish the presence of the Cottman name in this market, all of which cause Cottman irreparable harm.

54. Cottman has no adequate remedy at law for damages, and unless specific performance of the procedures after termination, including the covenant not-to-compete, is ordered and injunctive relief granted to restrain Defendants' violation of the post termination covenants, Cottman will continue to suffer irreparable harm.

## COUNT IV
## BREACH OF LICENSE AGREEMENT
## FAILURE TO PAY LICENSE AND OTHER FEES

55. Cottman hereby incorporates by reference, as if fully set forth, the allegations contained in paragraphs 1 through 54 above.

56. Defendants have failed to make certain payments to Cottman which remain due and owing pursuant to the License Agreement. The amount of $32,458.37 remains due and owing from Defendants to Cottman. This sum is comprised as follows:

| | |
|---|---:|
| License Fees | 1,000.00 |
| Advertising Fees | 5,250.00 |
| Returned EFTs | 3,520.87 |
| Total | $ 9,770.87 |

57. Despite Cottman's demands, Defendants have failed and refused and continue to fail and refuse to pay the monies due and owing thereby causing contractual damages to Cottman.

## COUNT V
## FRAUD AND DECEIT

58. Cottman hereby incorporates by reference, as if fully set forth, the allegations contained in paragraphs 1 through 57 above.

59. Defendants have a duty to provide true and correct weekly business reports to Cottman and pay to Cottman the corresponding franchise fees due thereon.

60. Defendants have a duty to provide true and correct books and records to Cottman so that Cottman can verify the accuracy of the Defendants' weekly business reports and the corresponding franchise fees due thereon.

61. Defendants knowingly submitted an understated weekly business report to Cottman and knowingly underpaid franchise fees due and owing to Cottman with the hope and intent that ATI would rely on the understated business report as being accurate and would accept the underpayment of franchise fees as full payment, which Cottman did.

62. As a result of Defendants' material breaches as above described, Cottman has been underpaid the franchise fees due and owing it under the License Agreement.

## COUNT VI
## BREACH OF CONTRACT – ACCOUNTING

63. Cottman hereby incorporates by reference, as if fully set forth, the allegations contained in paragraphs 1 through 62 above.

64. Defendants have fraudulently withheld sales performed at the former Center to avoid paying the corresponding franchise fees.

65. Defendants maintain exclusive control and possession of the former Center's books and accountings including documentation of those transactions which Defendants fraudulently withheld from Cottman.

66. Pursuant to Section 7 of the License Agreement, Defendants have a duty to account to Cottman for all transactions performed at the former Center.

67. Despite Cottman's demand to account for sales and pay the rightful amount of license fees due and owing Cottman, Defendants, in breach of their contractual duty to do so, have refused and continue to refuse to account to Cottman.

## COUNT VII
## COSTS AND ATTORNEYS' FEES

68. Cottman hereby incorporates by reference, as if fully set forth, the allegations contained in paragraphs 1 through 67 above.

69. Pursuant to Section 23 of the License Agreement, Defendants agreed to pay all costs incurred by Cottman in bringing this action, including attorneys' fees.

70. Upon the filing of this Complaint, Plaintiff Cottman has incurred a filing fee of Three hundred fifty dollars ($350.00) in this matter.

71. Plaintiff has incurred and continues to incur attorneys fees and other costs in the pursuit of this action.

## COUNT VIII
## DECLARATORY JUDGMENT

72. Cottman hereby incorporates by reference, as if fully set forth, the allegations contained in paragraphs 1 through 71 above.

73. Pursuant to 28 U.S.C. §2201, this Court has jurisdiction to determine disputes between Plaintiff and Defendants concerning the validity, formation, operation and termination of the License Agreement.

74. A dispute exists between Plaintiff and Defendants as to whether Defendants are in default of the License Agreement and as to the termination of said Agreement.

75. Plaintiff did properly register, sell and enter into the License Agreement with Defendants and obeyed all applicable laws. Neither Plaintiff nor its agents, employees, brokers or

representatives made any misrepresentations or omissions of any material facts in connection with Defendants entering into the License Agreement.

76. Plaintiff has performed all of its obligations under the License Agreement and has not negligently or willfully caused any damage to Defendants.

77. Plaintiff has properly determined that Defendants were in violation of the License Agreement as they, inter alia defrauded Cottman and refused to pay sums due and owing under the License Agreement, and continue to operate a competing business from the former Center location using Cottman's trademarks.

78. Pursuant to the License Agreement, Plaintiff properly terminated the said Agreement for one or more of the breaches set forth above.

WHEREFORE, Plaintiff Cottman Transmission Systems, LLC seeks a judgment in its favor and a declaration that the License Agreement is valid, was properly entered into, that Plaintiff has fulfilled all of its obligations under the License Agreement, that Plaintiff did not misrepresent and/or omit any material facts, that Plaintiff has not negligently or willfully caused damage to Defendants, and that Plaintiff properly terminated Defendants under the License Agreement for one or more of the breaches described in the above set forth Counts of this Complaint.

### RELIEF SOUGHT

WHEREFORE, Cottman requests the following relief:

A. That Defendants, their agents, servants, officers, employees and those persons in active concert or participation with them, be preliminarily and permanently enjoined and restrained from:

    1. using in any manner, including without limitation on or in any signs, stationery, letterheads, forms, printed matter or advertising, the proprietary marks "Cottman", "Cottman Transmissions" or similar names or marks;

        2.      advertising or otherwise holding themselves out, directly or indirectly, as an authorized franchisee of Cottman or as being in any way sponsored by or connected or associated with Cottman; and,

        3.      doing anything to cause potential purchasers of automotive repair services to believe that any services or repairs performed by Defendants or any business with which they are associated originate with Cottman or are endorsed or sponsored by Cottman.

B.     That Defendants deliver to Cottman or to persons designated by the Court all materials, including without limitation signs, stationery, letterhead, forms, software, printed matter and advertising, which contain the proprietary marks "Cottman", "Cottman Transmissions", or similar names or marks.

C.     That Defendants transfer to Cottman, or at Cottman's direction, each telephone number listed for the Center and execute any instruments and take such steps as may be necessary or appropriate to transfer each such telephone number and if they shall fail to do so, that counsel for Cottman be designated by the Court as their attorney-in-fact to execute such documents in their name and in their place.

D.     That Defendants cease to operate any automotive repair business for two years at or within ten (10) miles of the location of the former Center or three miles of any other Cottman Center.

E.     That Defendants file with the Court and serve on Cottman within thirty (30) days after the issuance of any preliminary and/or permanent injunction herein, a report in writing, under oath, setting forth in detail the measures undertaken by Defendants to comply herewith.

F.     That Defendants be ordered to provide an accounting to Cottman of their sales at the former Center location from June 10, 2010 through April 30, 2012.

G.     That Defendants be ordered to provide an accounting pursuant to 15 U.S.C.A. §1117(a), of their profits at the businesses at the former Center and that these profits be awarded

to Cottman, along with all other damages for Defendants' violation of Cottman's trademark rights, trebled in accordance with 15 U.S.C.A. §1117(a).

H. That Plaintiff be awarded money damages as requested herein which damages have yet to be fully determined but which are alleged to be in excess of $75,000.00.

I. That the Court enter a Declaratory Judgment that:

1. Plaintiff did properly register, sell and enter into the License Agreement with Defendants and obeyed all applicable laws;

2. Plaintiff has performed all of its obligations under the License Agreement and has not negligently or willfully caused any damage to Defendants;

3. Plaintiff has properly determined that Defendants are in violation of the License Agreement; and

4. Plaintiff may properly terminate the License Agreement.

J. That Cottman be awarded its attorneys' fees, costs of court and such other and further relief to which it may be entitled.

DATE: 9/11/12

William B. Jameson
Attorney ID. # 58949
Attorney for Plaintiff
Cottman Transmission Systems, LLC
201 Gibraltar Road
Horsham, Pennsylvania 19044
(215) 643-5885