IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| COTTMAN TRANSMISSION SYSTEMS, LLC : <br> Plaintiff, : <br> v. : <br> MICHAEL GANO : <br> and : <br> 412 AUTOMOTIVE, L.P. : <br> Defendants. : | CIVIL ACTION <br><br> No. 2:12-cv-05223 |
| COMMONWEALTH OF PENNSYLVANIA : <br> : <br> COUNTY OF MONTGOMERY : | SS. |

### AFFIDAVIT OF RANDY WRIGHT

I, Randy Wright, an adult individual, being duly sworn, do hereby state as follows:

1. I am President of Cottman Transmission Systems, LLC ("Plaintiff" or "Cottman").

2. I am familiar with the history of Defendants Michael Gano ("Defendant" or "Gano") and his privately held entity, 412 Automotive. L.P. ("Defendant" or "Countyline"), as franchisees of Cottman.

3. Since at least 1963, Cottman has continually used the name "Cottman" as its trade name, trademark and service mark in connection with the operation of its transmission and automotive repair centers.

4. It is the owner of the said marks which registered on the principal register of the United States Patent and Trademark office.

5. Cottman is engaged in interstate commerce in, inter alia, the business of franchising or licensing others to use the mark and name "Cottman" in the operation of transmission repair centers throughout the United States.

1

6. The "Cottman" trade name and trademark have become universally associated with the repair of motor vehicle transmissions and the operation of transmission repair centers.

7. As a result, Cottman owns common-law trade name and trademark rights in the name "Cottman" and in the marks described above.

8. By virtue of the long use and promotion and the resulting fine public reputation of the trade name "Cottman", there exists a secondary meaning in the name "Cottman" and the above marks.

9. Large sums of money have been spent in advertising and promoting the services sold under Cottman's trade name and trademarks, and today Cottman has a substantial business and a long established goodwill associated with the name and the above marks in connection with the services provided under its trade name and trademarks.

10. Cottman has a vital interest in protecting its trade name and trademarks and the preservation and protection thereof are essential to the maintenance of Cottman's quality transmission repair centers and the goodwill and reputation associated therewith.

11. To supervise and control use of its trade name and trademarks, Cottman has established standards and policies governing the quality of service to be provided to the public and has established procedures calling for the inspection of franchisees' centers to determine that the standards and policies are being followed.

12. On December 16, 2008, Cottman and Defendant Gano entered into a license agreement, pursuant to which Defendant was authorized to use and has used the name and mark "Cottman" in connection with the operation of an automotive repair center located at Route 136, West Newton Road, Greensburg, PA 15601 (the "Center"). A true and correct copy of the said license agreement (the "License Agreement") is attached hereto at Ex. "A".

13. Concomitant with executing the License Agreement, Defendant Gano, individually and on behalf of Defendant 412 Auto, executed at Exhibit B.4 of the License Agreement, a Transfer of License with Plaintiff whereby the License Agreement was assigned to Defendant 412 Auto who agreed to assume and become liable for the obligations of Defendant Gano. The Transfer of License additionally provides that notwithstanding the transfer to Defendant 412 Auto, Defendant Gano shall remain personally liable to Plaintiff under the terms of the License Agreement.

14. There has been a Center in Greensburg operating under the Cottman trademark long before the Defendants became the franchisees for the Center location.

15. The Center was first established under the Cottman trademark in September of 1996, and has been advertised in the Greensburg community as Cottman ever since.

16. As provided under the License Agreement, Cottman shared with Defendants its proprietary systems, information and trade secrets for opening and operating a successful automotive repair business which Cottman developed over its 50 year history.

17. Defendant Gano was provided Cottman's proprietary manuals, customer lists and software.

18. In the spring of 2010, Cottman conducted an audit of Defendants' Center business and discovered that Defendants were underreporting sales to Cottman in order to escape payment of license fees due and owing to Cottman.

19. Defendants were issuing non-Cottman repair orders and hiding the sales from Cottman.

20. Thereafter, the parties entered into a settlement wherein Defendants agreed to sell their Center and leave the Cottman franchise system on or before September 1, 2010. A true and correct copy of the said settlement agreement is attached hereto at Ex. "B".

21.     Defendants failed and refused to sell the Center by September 1, 2010 as required by the Settlement Agreement and, instead, continued to operate the Center as a Cottman Transmission Center.

22.     On February 23, 2012, Cottman performed another audit of the Defendants' Center and discovered that Defendants were still underreporting sales and underpaying franchise fees to Cottman.

23.     When Cottman notified Defendants that they had again been caught underreporting sales and underpaying franchise fees, Defendants ceased communicating with Cottman, ceased reporting sales all together and ceased making payments of any kind under the License Agreement.

24.     In a letter dated March 20, 2012, Cottman notified Defendants that they were in material breach of the License Agreement and must pay all sums due and owing within ten (10) days. A true and correct copy of the said letter is attached hereto at Ex. "C".

25.     Defendants failed and refused to comply with ATI's payment demand.

26.     In a letter dated April 30, 2012, Cottman terminated Defendants' License Agreement for failure to pay sums due and owing. A true and correct copy of the said letter is attached hereto at Ex. "D".

27.     Despite the termination of their franchise and any further authority to continue in business under and the use of the Cottman name, Defendants have refused to take the actions required by the License Agreement to remove the Cottman name and trademark from the Center and cease all use of Cottman's systems and Cottman merchandising materials there and, instead, continue using Cottman's telephone number for the Center, have continued to operate the Center under the name and style "Cottman Transmissions," to hold themselves out to be an authorized

4

Cottman franchisee, and to use the Cottman trade name and trademark, without any license or right whatsoever.

28. With respect to the Cottman trademark, Defendants continue to display Cottman signage on the outside of their competing business so that potential customers will believe that they are still associated with Cottman. True and correct pictures of Defendants' competing business displaying Cottman signage are attached hereto at Ex. "E".

29. Defendants have failed and refused to return any of Cottman's trademarked or proprietary items in their possession.

30. Cottman is the exclusive owner of the Cottman marks and Defendants' use of these marks is permitted only through the License Agreement.

31. Notwithstanding ATI's demand that Defendants comply with their post termination obligations, Defendants continue to operate under the Cottman mark displaying Cottman signage and using the Cottman advertised telephone number for the Center.

32. By continuing to operate at the former Center location in Greensburg, Pennsylvania, Defendants are unfairly benefiting from the good will that ATI has developed in that community since 1996.

33. The Center was first established in Greensburg under the Cottman trademark in 1996 and has been advertised in that community ever since.

34. The Defendants did not become Cottman franchisees and commence operating the Center until several years later, after the business was already known in the community as "Cottman".

35. Defendants have been given access to Cottman's proprietary systems and have been provided its confidential information and material, trade secrets, and other unique methods, procedures and techniques developed by Cottman over its 50 year history.

36. Before operating the Center, Defendant Gano attended Cottman's intensive owner training class and was provided Cottman's proprietary manuals, customer lists and software which he used to further develop his Cottman franchise.

37. Defendants were given periodic in-field training as well as access to Cottman's national technical hot line.

38. Defendants are using their knowledge of Cottman, its unique system of doing business and other confidential information in their competing business.

39. In this case, Cottman's efforts to set up a new Cottman Center in Greensburg will be unfairly stymied as potential franchisees will not likely be willing to pay franchise fees to operate essentially the same business as the Defendants, who are already operating from a Cottman location with Cottman advertising.

40. Defendants continue to operate a transmission and general repair business in the Greensburg using their knowledge of Cottman, its unique system of doing business and other confidential information.

41. At the same time, Defendants are no longer burdened with paying franchise fees.

42. Cottman has other Cottman Centers in Pennsylvania.

43. If Defendants are permitted to flagrantly violate the non-compete covenant without penalty or recourse, Cottman will not be able to police its system of doing business.

44. Defendants' continued operation of a competing business from the former Center location undeniably creates an unfair competitive advantage for Defendants.

45. In this case, Defendants continue to operate under the Cottman trademark displaying Cottman signage and using the Cottman advertised telephone number for the former Center (i.e., 724-620-4069).

46.    As such, Defendants are misleading customers into believing that Defendants' competing business is a bona fide Cottman Transmission Center when it is not.

47.    The public interest will be served by issuing the injunctive relief requested in that customers who bring their vehicles to the Defendants' business will no longer be misled into believing that they are receiving repair services and warranties from a bona fide Cottman Transmission Center, which they are not.

_____
Randy Wright

Sworn to and subscribed before me
this 18th day of September, 2012.

_____
Alicia O'Connell
Notary Public

COMMONWEALTH OF PENNSYLVANIA
Notarial Seal
Alicia O'Connell, Notary Public
Horsham Twp., Montgomery County
My Commission Expires Oct. 4, 2012
Member, Pennsylvania Association of Notaries